Wendy S. Gerboth, Esq., Law Office of Wendy Gerboth, San Diego, CA, for Defendant–Appellant.

Shingara SINGH, Petitioner,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

No. 06–71663.

United States Court of Appeals, Ninth Circuit.

Before: B. FLETCHER and RYMER, Circuit Judges, and BEISTLINE *, District Judge.

MEMORANDUM **

Mario Estevan–Hernandez appeals the district court's denial of his motion to sup-

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted Nov. 8, 2007.**

Filed Nov. 19, 2007.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., DOJ—U.S. Department of Justice, Civil Div. Office of Immigration Lit., Washington, DC, Holly M. Smith, W. Manning Evans, for Respondent.

Before: KLEINFELD, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM ***

In immigration cases after the REAL ID Act, we have jurisdiction to review "constitutional claims or questions of law." [1] Here, Singh asks us to review the BIA's determination that he did not prove that he entered the United States within one year of filing an application for asylum. We have no jurisdiction to review the BIA's factual determination that the evidence did not establish a date of entry within a year of filing. [2]

Substantial evidence supports the BIA's denial of withholding of removal and relief under the CAT based on Singh's

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. 8 U.S.C. § 1252(a)(2)(D).

2. 8 U.S.C. § 1158(a)(3).

failure to credibly establish his identity. The BIA found that Singh did not carry the burden to establish his identity because he submitted inconsistent documentation and did not adequately explain this inconsistency. Since he did not establish his identity, he did not establish his credibility, his eligibility for withholding of removal,[3] or his eligibility for relief under the CAT.[4]

Singh also asserts that he was denied due process of law because he was not given notice or an opportunity to address the BIA after we remanded the case back to the BIA on December 6, 2005. His argument has no merit because almost four months elapsed between our remand and the BIA's second decision in March 27, 2006. In all of this time, he did not request an opportunity to present any new evidence or arguments.

DISMISS in part and DENY in part the petition for review.